## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF KENTUCKY
## CENTRAL (LEXINGTON) DIVISION

| | |
|---|---|
| MELANIE WOMACK ORR, | ) |
| Plaintiff, | ) |
| | ) No. |
| vs. | ) |
| | ) |
| TRS RECOVERY SERVICES, INC., | )   **JURY DEMAND ENDORSED HEREON** |
| | ) |
| Defendant. | ) |

### COMPLAINT

NOW COMES the Plaintiff, MELANIE WOMACK ORR, by and through her attorney, KYLE R. SALYER, and for her Complaint against the Defendant, TRS RECOVERY SERVICES, INC., Plaintiff alleges and states as follows:

### PRELIMINARY STATEMENT

1. This is an action for damages for violations of the Fair Debt Collection Practices Act (hereinafter the "FDCPA"), 15 U.S.C. § 1692, *et seq*.

### JURISDICTION AND VENUE

2. Jurisdiction arises under the FDCPA, 15 U.S.C. § 1692, *et seq*. Venue lies properly in this district pursuant to 28 U.S.C. § 1391(b), as a substantial part of the events and omissions giving rise to the claim occurred within this District.

### PARTIES

3. Plaintiff is an individual who was at all relevant times residing in Richmond, Kentucky.

4. Plaintiff is a "consumer" as defined in 15 U.S.C. § 1692a(3), as she is a natural person allegedly obligated to pay a debt.

5.  At all relevant times, Defendant acted as a "debt collector" within the meaning of 15 U.S.C. § 1692a(6), in that it held itself out to be a company collecting a consumer debt allegedly owed by Plaintiff.

6.  The aforementioned alleged debt is a "debt" within the meaning of 15 U.S.C. § 1692a(5), in that it is an alleged obligation of Plaintiff to pay money arising out of a transaction in which the money, property, insurance and/or services which are the subject of the transaction were primarily for personal, family and/or household purposes.

7.  On information and belief, Defendant is a corporation of the State of Colorado, which is licensed to do business in Kentucky and which has its principal place of business in Greenwood Village, Colorado

## ALLEGATIONS

8.  During or about July of 2011, Defendant's representatives, agents and/or employees began contacting Plaintiff in an attempt to collect the aforementioned alleged debt.

9.  On or about July 18, 2011, Plaintiff mailed a letter to Defendant requesting validation of the alleged debt and requesting that Defendant cease all telephonic communications with her.  Said letter was received by Defendant on or about July 25, 2011.

10. However, Plaintiff's representatives, agents and/or employees continued to contact Plaintiff by telephone thereafter and never responded to Plaintiff's request for validation of the alleged debt.

11. In addition, Defendant's representatives, agents and/or employees placed telephone calls to Plaintiff after 9:00 p.m. on August 2, 2011 and August 4, 2011.

12. Defendant also failed to provide Plaintiff notice of the alleged debt as required by 15 U.S.C. § 1692g(a).

13. In its attempts to collect the aforementioned alleged debt, Defendant violated the FDCPA in one or more of the following ways:

   a. Continuing collection activities without providing verification of the debt to Plaintiff after Plaintiff requested verification of the debt in writing, in violation of 15 U.S.C. § 1692g;

   b. Continuing to communicate with Plaintiff after Defendant was notified in writing that she wished for you to cease further communication with her, in violation of 15 U.S.C. § 1692c(c);

   c. Calling Plaintiff after 9:00 p.m., in violation of 15 U.S.C. § 1692c(a)(1);

   d. Failing to provide the notice to Plaintiff which is required by 15 U.S.C. §1692g; and

   e. By acting in an otherwise deceptive, unfair and unconscionable manner and failing to comply with the FDCPA.

14. As a result of Defendant's violations as aforesaid, Plaintiff has suffered and continues to suffer personal humiliation, embarrassment, mental anguish and emotional distress.

WHEREFORE, Plaintiff, MELANIE WOMACK ORR, respectfully prays for a judgment against Defendant as follows:

   a. Statutory damages of $1,000.00 for each violation of the FDCPA;

   b. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by Plaintiff; and

   c. Any other relief deemed appropriate by this Honorable Court.

## **JURY DEMAND**

Pursuant to Civil Rule 38, Plaintiff hereby demands a trial by jury on all issues in this action, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

Respectfully Submitted,

/s/ Kyle R. Salyer
Kyle R. Salyer (91435)
Attorney for Plaintiff
Luxenburg & Levin, LLC
P.O. Box 2213
Paintsville, KY 41240
(888) 493-0770, ext. 307 (phone)
(866) 551-7791 (facsimile)
Kyle@LuxenburgLevin.com